PICKETT, Judge.
On the day fixed for the trial of this suit, neither the plaintiff nor the plaintiff’s attorney was present, but the defendant was present and ready for trial. The minutes of the court show that the court had not been contacted by either the plaintiff or plaintiff’s attorney and no continuance was requested. The District Court dismissed the case without prejudice. Subsequently, the plaintiff filed a motion to “re-instate” the case. The motion was denied; and the plaintiff was ordered to refile the suit. The plaintiff has appealed.
The judgment dismissing the plaintiff’s suit was signed January 6, 1970. Notice of the dismissal of plaintiff’s suit was mailed to plaintiff’s attorney on the same day the judgment was rendered. The order granting a devolutive appeal was signed on June S, 1970, returnable to the Court of Appeal, First Circuit, on the 5th day of August, 1970. The appeal bond was filed June 26, 1970. The record was lodged in the Court of Appeal on August 4, 1970.
It appearing that the appeal was not timely filed, the parties to this suit were ordered to show cause by briefs on or before October 16, 1970, why the appeal should not be dismissed. Louisiana Code of Civil Procedure, Article 2087, provides as follows:
“Except as otherwise provided in this article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, within ninety days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3)The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from modified, revised, or reversed as to any other appellee, may take a devolutive appeal therefrom, and furnish the security therefor, within the delays allowed in the first paragraph of this article, or within • ten days of the granting of the first de-volutive appeal in the case, whichever is later. As amended Acts 1962, No. 92, § 1.”
The appellee contends that the appeal was not taken within 90 days after the judgment appealed from was rendered. As above noted, the judgment appealed from was rendered January 6, 1970, and the order for the devolutive appeal was not signed until June 5, 1970. Therefore, more than 90 days, the time provided for by LSA-C.C.P. Article 2087, had expired before the appeal was granted.
But the plaintiff-appellant contends that the time had not elapsed for the reason that application had been made for the reinstatement of this suit; and that the time for taking the appeal did not begin to run until the application for reinstatement had been denied. The record shows that the application for the reinstatement of the suit was filed May 28, 1970, and that it was fixed for trial on a rule to show cause why the suit should not be reinstated on June 5, 1970. The plaintiff-appellant contends that its motion to reinstate the suit was in the nature of a motion for a rehearing. However, the motion for the reinstatement of the suit was not filed until May 28, 1970, which was more than ninety days after the expiration of the delay for applying for a new trial.
*105 Since the motion to reinstate was filed more than ninety days after the expiration of the delay for applying for a new trial, the trial court had lost jurisdiction to hear the motion to reinstate. Based on the record before us, we are of the opinion that this appeal has not been properly perfected and must, therefore, be dismissed.
Therefore, for the above and foregoing reasons, this appeal is dismissed. All costs to be paid by plaintiff-appellant.
Appeal dismissed.